# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CALEB JEROME HINES, | : | |
| Plaintiff, | : | |
| vs. | : | CA 20-0210-MU |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Caleb Jerome Hines brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 18 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 19 (order of reference)). Upon consideration of the administrative record, Plaintiff's brief, and the Commissioner's

brief,[1] the Court concludes that the Commissioner's decision denying benefits should be affirmed.[2]

## I. Procedural Background

Plaintiff filed applications for disability insurance benefits and supplemental security income on or about May 24, 2016, alleging disability beginning on April 11, 2016. (*See* Doc. 12, PageID. 305-08 & 312-17). Hines' claims were initially denied on October 28, 2016 (*id.,* PageID. 181-94) and, following Plaintiff's November 8, 2016 request for a hearing before an Administrative Law Judge ("ALJ") (*id.,* PageID. 197-98), a hearing was conducted before an ALJ on June 12, 2018 (*id.,* PageID. 123-49), with a second hearing being held on January 22, 2019 (*see id.,* PageID. 93-122). On May 1, 2019, the ALJ issued a decision finding that the claimant was not disabled and therefore, not entitled to social security benefits. (*Id.,* PageID. 70-86). More specifically, the ALJ determined at the fifth step of the five-step sequential evaluation process that Hines retains the residual functional capacity to perform light work, with limitations, and can perform those light jobs identified by the vocational expert ("VE") at the administrative hearing conducted on January 22, 2019  (*see id.,*  PageID. 76-86; *compare id. with* PageID. 118-120). On May 16, 2019, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (*see id.,* PageID. 247-49); the Appeals Council denied Hines' request for review on February 24, 2020 (*id.,* PageID. 54-56).

---

[1]  The parties waived oral argument. (*See* Docs. 17 & 20).

[2]  Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 18 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to traumatic brain injury/status-post concussion syndrome and status-post fractures of the L1, L2 and T4. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.     The claimant has the following severe impairments: status post concussion[;] status post fractures of L1, L2, [and] T4; obesity; and borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c)).**
>
> .   .   .
>
> **4.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR  404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> .   .   .
>
> **5.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; and occasionally stoop, kneel, crouch, or crawl. The claimant can never work at unprotected heights. The claimant has no limitations to his ability to push or pull with hand or foot controls. The claimant has no limitations to reaching, handling, and fingering. He can endure only occasional exposure to extreme heat, extreme cold, humidity, wetness, and vibrations. The claimant is further limited to the simple, routine tasks of unskilled work that involve simple work decisions and involve few changes to the work setting.**
>
> .   .   .
>
> **6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**
>
> .   .   .

> 7. The claimant was born on May 19, 1976 and was 39 years old, which is defined as a younger individual age 18-49, on the alleged onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).
>
> . . .
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from April 11, 2016, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Doc. 12, PageID. 72, 74, 76-77, 84, 85 & 86 (emphasis in original)).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation

to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[3] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step, of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to his past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that he cannot do his past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given his age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[4] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). And "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

On appeal to this Court, Hines advances one reason the Commissioner's decision to deny him benefits is in error (*i.e.,* not supported by substantial evidence), namely that the ALJ's RFC is unsupported due to his failure to consider the hearing testimony of the medical expert that Hines' complaints of chronic headache are reasonable based on his history of neck injury and pain.

     A.    **ALJ's RFC Determination and the Testimony of the Medical Expert at the Supplemental Hearing**.  Plaintiff attacks the ALJ's RFC determination, and ultimate decision of non-disability, by arguing that the ALJ erred in failing to find his headaches and chronic pain to be severe impairments and in failing to discuss the medical expert's testimony at the supplemental hearing that his complaints of severe and ongoing headaches are credible and expected given his history of cervical injury.

---

[4] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

The responsibility for making the residual functional capacity determination rests with the ALJ. *Compare, e.g.,* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity.") *with, e.g., Packer v. Commissioner, Social Sec. Admin.*, 542 Fed. Appx. 890, 891-892 (11th Cir. Oct. 29, 2013) (per curiam) ("An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments. There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (internal citation omitted)). A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond appropriately to supervision, co-workers and work pressure[]"—"is a[n] [] assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Commissioner of Social Security,* 457 Fed. Appx. 868, 870 n.5 (11th Cir. Feb. 9, 2012) (citing 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)).

To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has "'provide[d] a sufficient rationale to link'" substantial record evidence "'to the legal conclusions reached.'" *Ricks v. Astrue*, 2012 WL 1020428, *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *compare id. with Packer v. Astrue*, 2013 WL 593497, *4 (S.D.

7

Ala. Feb. 14, 2013) ("'[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.'"), *aff'd,* 542 Fed. Appx. 890 (11th Cir. Oct. 29, 2013); *see also Hanna v. Astrue*, 395 Fed. Appx. 634, 636 (11th Cir. Sept. 9, 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. . . . Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review [a plaintiff's] case." (internal citation omitted)).[5] However, in order to find the ALJ's RFC assessment supported by substantial evidence, it is not necessary for the ALJ's assessment to be supported by the assessment of an examining or treating physician. *See, e.g., Packer, supra,* 2013 WL 593497, at *3 ("[N]umerous court have upheld ALJs' RFC determinations

---

[5] It is the ALJ's (or, in some cases, the Appeals Council's) responsibility, not the responsibility of the Commissioner's counsel on appeal to this Court, to "state with clarity" the grounds for an RFC determination. Stated differently, "linkage" may not be manufactured speculatively by the Commissioner—using "the record as a whole"—on appeal, but rather, must be clearly set forth in the Commissioner's decision. *See, e.g., Durham v. Astrue*, 2010 WL 3825617, *3 (M.D. Ala. Sept. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'" (quoting *Hanna*, 395 Fed. Appx. at 636 (internal quotation marks omitted))); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ could have relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support. Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct." (emphasis in original)); *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

notwithstanding the absence of an assessment performed by an examining or treating physician."); *McMillian v. Astrue*, 2012 WL 1565624, *4 n.5 (S.D. Ala. May 1, 2012) (noting that decisions of this Court "in which a matter is remanded to the Commissioner because the ALJ's RFC determination was not supported by substantial and tangible evidence still accurately reflect the view of this Court, but not to the extent that such decisions are interpreted to require that substantial and tangible evidence must—in all cases—include an RFC or PCE from a physician" (internal punctuation altered and citation omitted)).

In this case, the Court finds that the ALJ linked his RFC assessment—that is, a range of light work with limitations—to specific evidence in the record bearing upon Hines' ability to perform the physical, mental, sensory and other requirements of work. (*Compare* Doc. 12, PageID. 76-77 *with generally* PageID. 414-500, 504-18, 522-36, 544-70, 576-601, 605-21, 626-37, 665 & 677-721). The ALJ explained in some detail how the medical evidence of record supported the components of his RFC determination (*see id.*, PageID. 77-86; *compare id. with* PageID. 76-77). In particular, in making his RFC determination, the ALJ evaluated evidence related to Plaintiff's headache complaints (*see id.,* PageID. 79-81),[6] despite his earlier determination that Plaintiff's headaches were non-severe (*see id.,* PageID. 73). This approach is, of course, consistent with prevailing caselaw in the Eleventh Circuit and establishes that any error in finding Hines' headaches non-severe was "harmless because the ALJ

---

[6] The ALJ importantly noted the June 19, 2017 impression of Dr. Elliott Foster, a neurologist, that Hines' headaches "were likely the result of analgesic overuse rather than post concussive syndrome." (Doc. 12, PageID. 81; *compare id. with id.* at PageID. 584 ("Chronic daily headaches—likely from analgesic overuse[.]")).

9

considered all of [Plaintiff's] impairments in combination at later steps in the evaluation process." *Burgin v. Commissioner of Social Security,* 420 Fed.Appx. 901, 903 (11th Cir. Mar. 30, 2011) (citation and footnote omitted); *compare also id.,* n.3 ("The ALJ proceeded further in the sequential evaluation process because he determined that Burgin had a severe impairment due to his obstructive pulmonary disease.") *with id.* at 902 ("The finding of **any severe impairment**, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." (emphasis supplied)).

In addition to the foregoing, a review of the ALJ's decision reveals that the hearing officer copiously considered Hines' complaints of chronic pain (including headaches) in making his RFC determination. (*Compare, e.g.,* Doc. 12, PageID. 80 ("The claimant's pain from status post concussion and status post vertebrae fractures is accounted for by the restriction to light work with the above postural and environmental limitations. The medical expert reviewed these exam findings [from the consultative examination in October of 2016] and testified that they are not objective evidence of neurological deficit.") *with id.,* PageID. 81-82 (the ALJ summarized Dr. Theodore Kopp's treatment notes throughout 2018, the majority of which were normal, and emphasized that the evidence produced by Kopp reflects that Hines' "symptoms are not as intense, persistent, and limiting as alleged[,]" and, further, that "[c]laimant's pain secondary to status post concussion and status post vertebrae fractures is adequately accounted for by the restriction to light work with the above postural and environmental limitations.").

Finally, any suggestion by Hines that the ALJ failed to discuss the medical expert's testimony at the supplemental hearing that his complaints of severe and ongoing headaches are credible and expected given his history of cervical injury cannot withstand scrutiny. Dr. Deborah Pollack, a board certified neurologist and the testifying expert in this case, reviewed all the medical records in evidence (*see* Doc. 12, PageID. 97-98), and concluded that Hines continues to have substantial neck, back and head pain (that is, headaches) since a motor vehicle accident in April of 2016 in which he sustained a head injury and several spinal fractures that did not require surgery to heal (*id.,* PageID. 99-100; *see also id.,* PageID. 102 ("Post traumatic headaches can go on for a long time, especially if there's neck pain involved, as well, which can aggravate the headaches.")). In other words, the just-summarized testimony was Dr. Pollock's essential summary of Plaintiff's medical impairments (*see id.*) and the expert went on to testify that the limitations attendant to these impairments include the following: an ability to lift and carry 10 pounds frequently and 20 pounds occasionally; an unlimited ability to push and pull arm and foot controls; an inability to climb ladders, ropes or scaffolding; an occasional ability to climb ramps and stairs; an occasional ability to stoop, kneel, crouch or crawl; no limitation on the ability to reach or handle and finger objects; an inability to work at unprotected heights; an ability to have occasional exposure to extreme heat, extreme cold, humidity, wetness and vibration; no limitation on other hazards of the workplace; and no other limitations. (*Id.,* PageID. 104-05). Dr. Pollock further testified that she would consider Hines' complaints of pain reasonable given the objective evidence of record and that it is this (neck, back and head) pain that produces (that is, are "the large basis" for) most of the limitations she outlined. (*Id.,* PageID. 106;

11

*see also id.,* PageID. 107 (expert reiterates that Plaintiff's complaints of back, neck and head pain principally undergird the limitations she described)). A review of the ALJ's decision reveals not only that the hearing officer discussed the medical expert's testimony in this regard, but he also accorded it great weight. (*See id.,* PageID. 83 ("Dr. Polla[c]k testified that these limitations are based upon the claimant's continued pain. The opinion merits great weight because it is consistent with the medical evidence of record, namely the objective images of the claimant's brain and spine; the objective results of the nerve conduction study; and the normal neurological exam findings from Dr. Minton, Dr. Gayle, Dr. Foster, and Dr. Kopp.")). As a result, this Court discerns no error in the ALJ's evaluation of the medical expert's testimony at the supplemental hearing and, indeed, given that Plaintiff's pain complaints (including, back, neck and head pain) served as the principal source/basis for the work limitations identified by Dr. Pollack, the Court finds substantial support for the ALJ's RFC determination in the testimony of the medical expert, as well as additional evidence of record, particularly from Dr. Theodore Kopp (*see* Doc. 12, PageID. 688-721 (throughout 2018, Kopp treated Hines for chronic pain but on each occasion consistently noted that Plaintiff reported no headaches or migraines and consistently found, on physical examination, full range of motion of the neck; basically normal neurologic examination, save for an antalgic gait but walking with no assistive device; basically normal lumbar spine exam, including normal active and passive range of motion—with no pain with motion—with

the only exception being some tenderness of the paraspinal region at L5; and full motor strength of the L-spine)).[7]

In light of the foregoing and because substantial evidence of record supports the Commissioner's determination that Hines can perform the physical and mental requirements of a range of light work as identified by the ALJ, and Plaintiff makes no argument that this residual functional capacity would preclude his performance of the light jobs identified by the VE during the administrative hearing (*compare* Doc. 13 *with* Doc. 12, PageID. 85 & 119), the Commissioner's fifth-step determination is due to be affirmed. *See, e.g., Owens v. Commissioner of Social Security,* 508 Fed.Appx. 881, 883 (11th Cir. Jan. 28, 2013) ("The final step asks whether there are significant numbers of jobs in the national economy that the claimant can perform, given h[er] RFC, age, education, and work experience. The Commissioner bears the burden at step five to show the existence of such jobs . . . [and one] avenue[] by which the ALJ may determine [that] a claimant has the ability to adjust to other work in the national economy . . . [is] by the use of a VE[.]"(internal citations omitted)); *Land v. Commissioner of Social Security,* 494 Fed.Appx. 47, 50 (11th Cir. Oct. 26, 2012) ("At step five . . . 'the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.' The ALJ may rely solely on the testimony of a VE to meet this burden." (internal citations omitted)).

---

[7] Kopp also consistently observed that Hines was in no acute distress (*see id.,* PageID. 693, 698, 709 & 717) and, on October 17, 2018, recommended light activity and to increase activity as tolerated (*id.,* PageID. 705).

## **CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be affirmed.

**DONE** and **ORDERED** this the 16th day of March, 2021.

s/P. Bradley Murray<br>
**UNITED STATES MAGISTRATE JUDGE**